IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ANTHONY MILLS,<br>    Plaintiff,<br><br>v.<br><br>ARLENE BLUTH,<br>    Defendant. | Case No. 1:26-cv-01076-JEH-RLH |

### Order

Now before the Court is the *pro se* Plaintiff Anthony Mills's Application to Proceed in District Court Without Prepaying Fees or Costs (D. 2).[1] For the reasons set forth below, the Plaintiff's Application to proceed *in forma pauperis* (IFP) is DENIED, and his Complaint (D. 1) is DISMISSED WITH PREJUDICE.

"The federal *in forma pauperis* statute, [28 U.S.C. § 1915], is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915(e) directs a court to screen a complaint when filed together with a request to proceed IFP. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013). A court shall dismiss a case at any time if: 1) the allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) the action fails to state a claim on which relief may be granted; or 4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

Here, the Plaintiff's Complaint alleges:

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

1. Defendant conspired with individuals in depriving due process rights, Defendant failed to dismiss 100269-2023, causing unreasonable cost to the parties,
2. This Court has jurisdiction under federal law,
3. Plaintiff demands jury trial and $1 Million against Defendant.

Pl.'s Compl. (D. 1 at ECF p. 1). The Plaintiff then states why his Complaint complies with the requirements of Federal Rule of Civil Procedure 11. *Id*. That is the entirety of the Complaint.

Even construing the Plaintiff's Complaint liberally, as the Court must given his *pro se* status, the Plaintiff's allegations very blatantly fail to state a claim. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (providing that a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers[]"). The Federal Rule of Civil Procedure 12(b)(6) standard applies when determining whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii). *Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Here, the Plaintiff does not provide who, exactly, the parties are, the Plaintiff does not explain the basis for filing in this Court, and the Plaintiff does not provide any context whatsoever for his allegations.

Furthermore, this same Complaint brought by Anthony Mills against Defendant Arlene Bluth has been filed in numerous courts around the country, including in the U.S. District Court for Alaska, the U.S. District Court for the Middle District of Alabama, the U.S. District Court for the Eastern District of California, the U.S. District Courts (plural) in Florida, and the U.S. District Court

for the Northern District of Indiana, among other district courts.[2] The cases were all filed between February 17, 2026 and February 24, 2026, thus far at least. Each complaint (at least the several this Court reviewed) is dated February 1, 2026. The Plaintiff's mailing address is in Tamuning, Guam, but the envelope he mailed his complaint in here and in the other cases is postmarked in New York. *See* Pl.'s Compl. (D. 1-1 at ECF p. 1).

An action is "malicious" in the context of Section 1915(e)(2)(B)(i) where it is "intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). Certainly, where a plaintiff files the same complaint with the same three meager allegations – really just the barest possible sentences – in 15 courts within just days of each other, that plaintiff intends to harass either the defendant, the given court, or both.

For the foregoing reasons, the Plaintiff's Complaint (D. 1) is DISMISSED WITH PREJUDICE for failure to state a claim and as malicious. The Application to proceed IFP (D. 2) is DENIED. The Application, submitted under penalty of perjury, is lacking in detail. In any event, the Court will not permit the Plaintiff, who is pursuing a malicious action, to do so without paying the filing fee. The Clerk is directed to enter judgment and close this case.

*It is so ordered.*

Entered on February 25, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE

---

[2] *E.g.*, *Mills v. Bluth*, 3:26-cv-00086-ACP (D. Alaska Feb. 23, 2026); *Mills v. Bluth*, 2:26-cv-00105-MHT-SMD (M.D. Ala. Feb. 18, 2026); *Mills v. Bluth*, 2:26-cv-00516-TLN-CSK (E.D. Cal. Feb. 20, 2026); *Mills v. Bluth*, 8:26-cv-00481-JLB-CPT (M.D. Fla. Feb. 20, 2026); *Mills v. Bluth*, 1:26-cv-00045-RH-MJF (N.D. Fla. Feb. 19, 2026); *Mills v. Bluth*, 1:26-cv-21079-RKA (S.D. Fla. Feb. 18, 2026); *and Mills v. Bluth*, 1:26-cv-00091-HAB-ALT (N.D. Ind. Feb. 20, 2026).